## McKinney et al. v. McKinney et al.

Nov. 5, 1943.

Thomas D. Shumate for appellant.

J. M. Wolfinbarger for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Reversing.

Ida McKinney, for herself and as next friend of her three children, distributees and heirs of Taylor McKin-

ney, brought this action in ejectment against his mother, Nannie B. McKinney. The defendant responded with a counterclaim seeking the cancellation or reformation of a deed which she had executed to her son on April 24, 1937. The case was transferred to equity and judgment was rendered in favor of the plaintiffs.

The defendant, now appellant, is over 75 years of age. The property involved contains about 50 acres and has been her home for many years. She and her husband, Silas McKinney, had been separated for more than 25 years. It is said in brief that they were divorced. Mrs. McKinney testified that her son, Taylor, had persuaded her to give him the deed to the property for $175. ''He come to me and told me that Park was going—said, 'You are just up against it.' He said, 'Mam, you are just up against it,' and said 'Park is going to bring suit against the place,' and he said, 'He's going to gain it.' He said, 'You haven't got money.' '' Taylor agreed to pay the taxes and let her stay there as long as she lived or wanted to, or, as she expressed it, ''He promised me a lifetime stay in it.'' Her son and George Davis (a deputy county clerk who signed the certificate of acknowledgment) brought the deed to her one night about 10 o'clock and then left to get her husband to sign it. She said to them when they returned: ''It looks like midnight and the chickens done crowed for day.'' She could not read or write. The paper was not read to her. The men were drunk. Charlie Sparks, who had come with them, signed her name. She raised up in bed but never touched the pen. Taylor McKinney committed suicide about two weeks afterward. According to his widow, Ida McKinney, the defendant told her that he had paid only $1 and she then paid her mother-in-law the balance of $174, although it appears that she kept the money in the bank in her own name. Nothing was said by Mrs. McKinney at that time about having a life estate in the property. A year or so later she demanded possession of the place for herself and children. The defendant testified that until then she did not know that the deed had omitted a reservation of her life estate.

Silas McKinney testified that Taylor had wanted to buy his place, saying: ''I'll do you just like I did Mam. I'll let you live on it and run it and use it just like it was yours your lifetime. I told Mam she could run hers just like it was hers for her lifetime.'' The night the mother's

deed was executed, Taylor McKinney, George Davis and Charlie Sparks brought it to him about midnight. "They were both beastly drunk." He signed the deed by mark, although he had no interest in the land. Sparks was in the Army in foreign service and did not testify. Davis did not testify and is not accounted for. Hildon Estes, who seems to have been living with his grandmother, the appellant, testified that he was present when Taylor talked to his mother about buying her home. She insisted she did not want to sell it because she would have no place to go and did not want "to lay around on my kids." Taylor assured her she would not have to do that and could live there and use the place "just as if it was yours."

This constitutes the entire evidence. Disqualification of the defendant to testify concerning the transaction with the decedent was waived by the failure to file written exceptions to her deposition. Harrel's Adm'r v. Harrel, 232 Ky. 469, 23 S. W. (2d) 922. There is no contradiction of the evidence either by testimony or circumstance that it was agreed the grantor was to reserve a life estate in the property. The proof is conclusive that the omission of the reservation was either because of fraud on the part of the grantee or mutual mistake of both parties. The chancellor, therefore, should have reformed the deed accordingly.

The judgment is reversed with directions so to do.